JUNJI SUZUKI (SBN 184738)
junji@marshallsuzuki.com
TOKIKO YASUDA (SBN 257128)
tokiko@marshallsuzuki.com
MARSHALL SUZUKI LAW GROUP, LLP
230 California Street, Suite 415
San Francisco, CA 94111
Telephone: (415) 618-0090
Facsimile: (415) 618-0190
Attorneys for Applicants,
Shueisha, Inc., Shogakukan Inc.,
and KADOKAWA CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re Ex Parte Application of<br><br>SHUEISHA, INC., SHOGAKUKAN INC., and KADOKAWA CORPORATION,<br><br>Applicants. | Case No: 3:23-mc-80162<br><br>**EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDING AND MEMORANDUM IN SUPPORT** |

Applicants, Shueisha Inc.("Shueisha"), Shogakukan Inc. ("Shogakukan"), and KADOKAWA CORPORATION ("KADOKAWA"), each a Japanese corporation (collectively as "Applicants"), hereby apply to this Court ex parte for an order permitting discovery from Cloudflare, Inc. and Google, LLC ("Google") (collectively as "Witnesses") for use in a court proceeding in Japan pursuant to 28 U.S.C. § 1782.

The proposed subpoenas attached to this application seek from Witnesses documents and information relating to certain Cloudflare and Google accounts used by infringer(s) who illegally copied and uploaded an extensive amount of the Applicants' copyrighted comic books on the notorious pirate websites located at manga-mura.net and mangamura.org

-Page 1 of 9-
**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

(collectively as "Mangamura[1]" or the "Infringing Websites"). Mangamura is known to be the worst piracy in history[2] in Japan.

This application is supported by the memorandum in support below, the declarations of Aiko Reynolds ("Reynolds Decl.") and Hiroyuki Nakajima ("Nakajima Decl."). Nakajima is an attorney in Japan who represent Applicants.

## I. BACKGROUND

Each of Applicants[3] is a well-known publisher in Tokyo, Japan of a wide variety of genres and mediums, including comic books, literature, magazines, and educational books. Nakajima Decl. ¶ 4. Applicants are among the victims of the rampant copyright infringement committed by Mangamura and they are the plaintiffs who recently filed a copyright infringement lawsuit (the "Lawsuit") in Japan against Romi Hoshino ("Hoshino"), the operator of Mangamura, who was criminally convicted of copyright infringement relating to Mangamura in Japan in 2021. A copy of the complaint (the "Japan Complaint") filed in the Lawsuit and an English translation thereof are attached as Exhibit A to Nakajima Decl. and Exhibit B to Reynolds Decl., respectively, concurrently submitted with this application. Nakajima Decl. ¶ 5; Reynolds Decl. ¶ 3. The comic books (the "Subject Work"), the exclusive right of which is held by Applicants and infringed by Mangamura, are identified in the schedules attached to the Japan Complaint, Exhibit A to the Nakajima Decl. *Id.* ¶¶ 5-6. Applicants are granted with the exclusive right of publication or the exclusive license by the copyright owners of the Subject Work, as specified in the Schedules 1 through 3 of the Japan Complaint, in the column entitled as "Scope of Right/License," to publicly transmit (including to make transmittable) the Subject Work. Mangamura used services provided by Witnesses and Hoshino, with aid of others, uploaded and/or made accessible to the public an extensive number of unauthorized copies of the Subject Work on the Infringing Websites. Such illegal copies mostly contain the entire pages of the book or volume and some of the illegal copies were uploaded on the Infringing Websites soon after publication.

---

[1] https://en.wikipedia.org/wiki/Mangamura
[2] https://www.bunka.go.jp/english/policy/copyright/pdf/92771001_01.pdf
[3] https://www.shueisha.co.jp/en/; https://www.shogakukan.co.jp/en/company; and https://group.kadokawa.co.jp/global/company/outline.html

-Page 2 of 9-

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

In support of the Applicants' claims in the Lawsuit, additional information would be needed to verify (a) the accuracy of the calculation of their damages claimed in the Lawsuit, and (b) the identifying information relating to the Mangamura to show the connection between Mangamura and Hoshino. For such purposes, the number of visits or accesses to each of the Infringing Websites and the identifying information relating to the Mangamura would be critical in the Lawsuit, and such information is only available to the account holder(s) of the accounts with Witnesses and located in the U.S. as Witnesses are in the U.S. *Id.* ¶¶ 7-15.

In order to verify the connection between Hoshino and Mangamura who committed unlawful acts against Applicants through the Mangamura's pirate websites, it is highly relevant for Applicants to obtain the additional and more reliable information relating to Mangamura, i.e. the information relating to the Witnesses' accounts associated with Mangamura and the infringing work, including the names, addresses, telephone numbers, email addresses, and IP addresses used and registered by Hoshino or others aiding Hoshino relating to Mangamura with their Witnesses' accounts on the most recent date and at the time each of their payment was made to Cloudflare for the services provided in connection with Mangamura. Nakajima Decl. ¶¶ 7-15.

Furthermore, the Applicants' further investigation revealed that the source code for each of the Infringing Websites contained Google Analytics[4] ID number/code, i.e. "UA-101767955-1" for manga-mura.net and "UA-106775692-1" for mangamura.org, respectively. *Id.* ¶ 8 This means that Hoshino or others relating to Mangamura, used the Google Analytics[5] services provided by Google, which collect and analyze data about websites, such as how many users visited a website, how long a user engages the website or webpage, and so on.[6] Such data, including the identifying information about Mangamura using the Google Analytics services would substantiate the damages claimed by Applicants in the Lawsuit. *Id.* ¶ 8

---

4 https://support.google.com/analytics/answer/10269537?hl=en

5 https://analytics.google.com/analytics/web/provision/#/provision; https://support.google.com/analytics/answer/12159447?hl=en

6 https://support.google.com/analytics/answer/9212670?hl=en&ref_topic=12153537,12153943,2986333,&sjid=5647058503904271998-NA&visit_id=638174539448272058-1365702171&rd=1; https://support.google.com/analytics/answer/12980150?visit_id=638174539448272058-1365702171&rd=1; https://support.google.com/analytics/answer/9234069?sjid=5647058503904271998-NA#first_visit

-Page 3 of 9-

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

## II. ARGUMENT

### A. Legal Standard

An applicant seeking discovery for use in a foreign proceeding must first demonstrate that (1) the person from whom the discovery is sought resides or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person. 28 U.S.C. § 1782; *In re The Republic of Ecuador*, Case No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) at*1.

In exercising its discretion under 28 U.S.C. § 1782, a district court should further consider the following non-exhaustive factors: "(1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May 2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (U.S. 2004)).

### B. Applicants' Application Meets All of the Statutory Requirements under 28 U.S.C. § 1782.

#### 1. Witnesses From Whom Discovery Is Sought Are Located in This District.

Cloudflare[7] and Google[8] from whom the discovery requested in this application is sought, are located in San Francisco and Mountain View, California, respectively. Therefore, Witnesses are within this Court's district.

//

//

---

[7] https://www.cloudflare.com/about-overview/

-Page 4 of 9-

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

**2. The Requested Discovery Is for Use in a Civil Court Proceeding in Japan.**

The discovery requested in this application must be for "use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). The foreign proceeding needs not actually be under way before 28 USC § 1782 may be invoked. It is sufficient that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc., supra,* at 258-259 (quoting *In re Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (DC Cir. 1989)).

Applicants are the plaintiffs in the pending Lawsuit in Japan against Hoshino who is the operator of Mangamura and was criminally convicted of copyright infringement relating to Mangamura in Japan in 2021. He or others aiding him are likely to be associated with the Witnesses' accounts in question in connection with Mangamura. Nakajima Decl. ¶¶ 5, 7-10. Thus, the requirement that the discovery be for use in a foreign proceeding is met.

**3. Applicants Are Interested Parties under 28 U.S.C. § 1782, Who May Make This Application.**

The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by "any interested person." As plaintiffs in the Lawsuit in Japan, Applicants are clearly interested persons under 28 U.S.C. § 1782.

**C. Applicants' Application Further Meets All of the Discretionary Factors under *Intel*.**

**1. Any of Witnesses Is Not Participant in the Foreign Proceeding.**

The first *Intel* factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.*

[8] https://about.google/intl/en_us/locations/?region=north-america

-Page 5 of 9-

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

"In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

Any of Witnesses is not a participant in the Lawsuit in Japan. Nakajima Decl. at ¶ 18. Additionally, the documents that Applicants seek are located in the United States and not in Japan. Thus, they are out of reach of the Japanese court's jurisdiction.

**2. The Requested Information Is Highly Relevant to Applicants' Pending Lawsuit in Japan and the Japanese Court Would Be Receptive to this Court's Assistance.**

"A court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel.* at 264.

In support of the Applicants' claims in the pending Lawsuit in Japan against Hoshino for copyright infringement through Mangamura, it is highly relevant for Applicants to obtain the sufficient information relevant to the Cloudflare and Google accounts used by Hoshino or Mangamura. Nakajima Decl. ¶¶ 7-10. The information sought in this Application would be needed to verify (a) the accuracy of the calculation of the Applicants' damages claimed in the Lawsuit, and (b) the identifying information relating to the Mangamura to show the connection between Mangamura and Hoshino. *Id*. ¶ 18.

In addition, the Japanese courts would be receptive to this court's assistance. In fact, the Japanese courts have been receptive to the discovery assistance made by the U.S. courts. *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953, *7-8 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist. LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012).

**3. Applicants' Discovery Request Is Not an Attempt to Circumvent Foreign Proof Restrictions or Policies.**

-Page 6 of 9-

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

"A district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel.* at 265.

Applicants are not aware of any restrictions imposed by or any policies under Japanese law limiting the proof-gathering proceeding in the manner proposed and for the purposes stated herein. Nakajima Decl. ¶ 17. In the past, courts have granted 28 U.S.C. § 1782 applications for the use in the proceedings in Japan, both civil and criminal, as well. *Marubeni Am. Corp.* at 98; *LG Elecs. Deutschland GMBH*, *5; *Okubo v. Reynolds (In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office)*, 16 F.3d 1016, 1018-1019, 1994 U.S. App. LEXIS 2440, *3-6, 94 Cal. Daily Op. Service 1108, 94 Daily Journal DAR 1918, 28 Fed. R. Serv. 3d (Callaghan) 200 (9th Cir. Cal. 1994).

**4. Applicants' Request Is Narrowly Tailored to Highly Relevant Information and Not Unduly Intrusive or Burdensome.**

"Unduly intrusive or burdensome requests may be rejected or trimmed." *Intel.* at 265.

As shown in the proposed subpoenas to Witnesses attached to the proposed order submitted with this application, the discovery requested by Applicants is narrowly tailored and limited to the discovery materials related to the Witnesses' accounts relating to the Infringing Websites through which the identity of the operator or owner of the Infringing Websites and the information relevant to the damages resulted from the Mangamura's rampant infringement could be ascertained and nothing further.

First, the proposed subpoena does not seek disclosure of the content of any communications associated with the Witnesses' accounts subject to the proposed subpoenas. *Optiver Australia Pty. Ltd. v.Tibra Trading Pty. Ltd.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing prohibitions of Stored Communications Act, 18 U.S.C. § 2701 et seq).

Second, each of the proposed subpoenas only seeks disclosure of the number of visits or accesses to each of the Infringing Websites, names, telephone numbers and addresses of the person(s) whose payment method is associated with each of the Witnesses' accounts subject to the said subpoena. It does not seek disclosure of credit card numbers, bank account

-Page 7 of 9-

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

numbers, or any other sensitive information. *In re Medical Corporation H&S*, Case No. 5:19-mc-80058-VKD, N.D. Cal. May 15, 2019 (granted application seeking disclosure of name and address of credit card holder registered on Google Account).

However, it is highly unlikely that the perpetrators have provided their true name and address to Witnesses when they created an account with Witnesses to use their services. Thus, the names and addresses Witnesses may have on file in connection with the Witnesses accounts subject to the proposed subpoena, even if they are disclosed in response to the proposed subpoena, would highly likely to be fictitious and would not help Applicants identify the account holder(s) who operated Mangamura and verify the connection between Hoshino and Mangamura. In such case, an access log is the only available information that could identify the perpetrators. The access logs recorded only when users make a payment through Witnesses to Cloudflare or used Witnesses' services relating to Mangamura are not sufficient to identify the Infringer. Nakajima Decl. ¶¶13-15. Furthermore, access logs contain no private information of the Witnesses' accounts subject to the proposed subpoenas. Access logs only disclose time stamps (showing when the Witnesses' accounts holders accessed) and IP addresses. Any other private information (e.g. information about what websites the holders may have accessed, what action they took, etc.) is not disclosed. To sufficiently identify the true perpetrator in Mangamura, it is highly relevant to obtain the information highly likely to be true, which is name, address, email addresses, and/or telephone numbers for verification purposes and the payment methods registered with the Mangamura's Witnesses' accounts. The true perpetrators in Mangamura are highly likely to use and provide the true information for such purposes as required to use the Witnesses' services. *Id.* ¶¶10-15.

//

//

//

//

-Page 8 of 9-

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

## III. CONCLUSION

For the reasons stated above, Applicants respectfully request that this Court grant this application and permit that it issues the subpoenas to Witnesses attached to the proposed order submitted with this application.

Dated: June 6, 2023

Respectfully submitted,

MARSHALL SUZUKI LAW GROUP, LLP

By:______________________________
Junji Suzuki
Attorneys for Applicants,
Shueisha Inc., Shogakukan Inc.,
and KADOKAWA CORPORATION

-Page 9 of 9-

**In re Ex Parte Application of Shueisha Inc., et al.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support