UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF SHUEISHA INC. ET AL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CLOUDFLARE, INC., et al., <br><br> Defendants. | Case No. 23-mc-80162-SK <br><br> **REFERRAL FOR REASSIGNMENT AND REPORT AND RECOMMENDATION TO GRANT SUBPOENA** <br><br> Regarding Docket No. 1 |

Now before the Court is an application filed by Shueisha Inc., Shogakukan Inc., and Kadokawa Corp. ("Petitioner") to permit discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782. Because Respondents Cloudflare Inc. and Google LLC ("Respondents") have not consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), this matter must be REASSIGNED to a district court judge. For the reasons set forth below, the Court RECOMMENDS GRANTING Petitioner's application.

## BACKGROUND

In this Application, Petitioners seek an order authorizing the issuance of a subpoena to Respondents to gather evidence for a proceeding in Japan against Romi Hoshino (the "Japanese Action"). Petitioners argue that Hoshino operated the website Mangamura and was criminally convicted in Japan for action related to site. (Dkt. No. 1 at 2.) Specifically, Hoshino is accused of violating Petitioners' copyrights by posting unauthorized copies of manga on Mangamura. Petitioners allege that Hoshino used Respondents' services for the website Mangamura. Petitioners seek information from Respondents on website analytics in order to verify the accuracy of damages calculations in the Japanese Action and seek identifying information relating to Mangamura to show a connection between Hoshino and Mangamura. (Id. at 3.)

Petitioners filed this application on June 6, 2023. (Dkt. No. 1.) Respondents were served on June 9, 2023 and June 12, 2023, and filed proofs of service on June 14, 2023. (Dkt. No. 9.) Under the briefing schedule set by this Court, the deadline for Respondents to file an opposition was July 21, 2023. (Dkt. No. 8.) Respondents did not file an opposition and have not appeared in the case.

## ANALYSIS

**A.     Legal Standard.**

"A district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person." *In re Republic of Ecuador*, 2010 WL 3702427, at *2, (N.D. Cal., Sept. 15, 2010); s*ee also* 28 U.S.C. § 1782(a).

However, even if the above "requirements are met, a district court still retains the discretion to deny a request." *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) ("As earlier emphasized, a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." (citation omitted)).

In exercising that discretion, the court considers several factors:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

*Intel*, 542 U.S. at 264-65; *see also In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago,* 848 F.2d 1151, 1156 (11th Cir.1988) (holding that the district court should deny the request if the district court "suspects that the request is a 'fishing expedition' or a vehicle for harassment"), *abrogated in other part by Intel,* 542 U.S. at 259.

**B.     Statutory Factors.**

Here, the Court finds that the statutory requirements have been satisfied. Google and CloudFlare both have their principal place of business in this district. Further, the requested discovery is from the Plaintiff in an ongoing civil suit in a Japanese Court.

**C.     Discretionary Factors.**

Additionally, the Court finds that the discretionary factors weigh in favor of granting the application for the subpoena. First, Respondents are not participants in the Japanese Action, and, thus, neither Petitioners nor the Japanese court will not be able to obtain the requested evidence without the subpoena. *See Intel Corp.*, 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent [Section] 1782(a) aid"). Second, there is nothing to suggest that the court in the Japanese Action would not be receptive to the judicial assistance Petitioners seek. Third, Petitioners' application does not appear to "conceal an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States." *SeeIntel*, 542 U.S. at 264-65. Petitioners attest that there are not aware of any Japanese policies or laws that would bar the discovery requested herein. (Dkt. No. 1 at 7.) Finally, the discovery sought does not appear unduly burdensome or intrusive. Petitioners' request is narrowly tailored to seek the website analytics necessary to calculate damages in their suit and identifying information solely for the registered account holder and registered billing contact for Mangamura.

## CONCLUSION

Accordingly, the Court ORDERS that this case be REASSIGNED to a District Judge. The Court RECOMMENDS GRANTING Petitioners application.

**IT IS SO ORDERED**.

Dated: August 8, 2023

_____
SALLIE KIM
United States Magistrate Judge

3